# IN THE COURT OF APPEALS OF IOWA

No. 19-0117
Filed April 3, 2019

**IN THE INTEREST OF A.T. and Q.T.,
Minor Children,**

**S.T., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kimberly Ayotte of Youth Law Center, Des Moines, guardian ad litem for minor children.

Considered by Vogel, C.J., Bower, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. The mother concedes the statutory grounds for termination of parental rights have been met but claims termination is not in the best interests of the children. We conclude it is in the children's best interests to terminate the mother's parental rights. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

S.T., mother, and Q.T., father, are the parents of Q.T., born in 2013, and A.T., born in 2015.[1] The mother has a history of mental-health problems and has been diagnosed with major depressive disorder and post-traumatic stress disorder. Q.T. was removed from the parents' care on January 6, 2014, when the mother abandoned the child at the House of Mercy, a residential treatment facility. The mother was a teenager and was herself a child in need of assistance (CINA) when these juvenile court proceedings began. Q.T. was adjudicated to be a CINA. The child was returned to the mother in March 2014, with the condition she reside with the maternal grandmother.

Both children, Q.T. and A.T., were removed from the mother's care on July 1, 2015, because the mother allowed drug users and sexual offenders to have contact with the children. The children were placed with the paternal grandmother. A.T. was adjudicated to be a CINA. In August 2015, the mother tested positive for

---

[1] In late 2015, the mother had another child, J.T. Her parental rights to this child were terminated, and the termination was affirmed on appeal. *See In re J.T.*, No. 17-1389, 2017 WL 6033735, at *1 (Iowa Ct. App. Dec. 6, 2017). The mother gave birth to a fourth child, M.E., in 2017. This child has also been removed from her care and adjudicated a child in need of assistance.

marijuana. The mother participated in services and attended visitation but was overwhelmed when trying to care for the children and was unable to meet their needs on a consistent basis. On July 15, 2016, the juvenile court granted the parents a six-month extension to work on reunification with the children.

In January 2017, the juvenile court ordered the children placed in the father's care on a trial basis. The children were removed from his care on September 1, 2017, due to lack of supervision and proper hygiene and were then temporarily placed with the mother. The mother was inconsistent in attending therapy for her mental health. Also, she and her paramour were involved in an incident of domestic violence. On December 8, the mother tested positive for marijuana. Furthermore, the mother continued to drive although she did not have a driver's license or insurance. On December 20, 2017, the children were again placed with the paternal grandmother. In May 2018, the paternal grandmother developed health problems and the children were placed in foster care.

After the children were removed from her care, the mother was evicted from her apartment and rendered homeless. Her relationship with her paramour continued to involve incidents of domestic violence. She was minimally involved in services. She was also sporadic in attending visitation.

On November 16, 2018, the State filed a petition seeking termination of the parents' rights. After a hearing, the juvenile court terminated the mother's parental rights to Q.T. under Iowa Code section 232.116(1)(f) and (g) (2018) and to A.T. under section 232.116(1)(g) and (h).[2] The court found, "There are ongoing

---

[2] The father's parental rights were also terminated. He has not appealed.

concerns about the safety of the children if returned to the care and custody of either parent. The children cannot be safely returned to their mother or father." The court determined none of the exceptions in section 232.116(3) should be applied. The mother appeals the termination of her parental rights.

## II. Standard of Review

We review de novo the termination of parental rights. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, "there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Best Interests

The mother concedes the statutory grounds for termination of her parental rights have been met. She claims termination of her parental rights is not in the best interests of the children. She states she currently has financial problems and is homeless but maintains once these problems are addressed she could safely care for the children. The mother notes the children were temporarily placed in her care during the pendency of the case.

In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code

§ 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

We conclude termination of the mother's parental rights is in the children's best interests. The mother participated in services for over four years but remained unable to care for the children. The juvenile court stated, "The mother reported feeling overwhelmed when trying to care for all of the children." She did not address issues of substance abuse or domestic violence. She was still addressing her mental-health problems. The juvenile court also noted, "The mother's bond is weaken[ed] due to the lack of consistent contact with her children."

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**